**LIJIE ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74747.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2008.

Filed April 24, 2008.

Joel Spence, Alhambra, CA, for Petitioner.

CAC–District Counsel, Ronald E. Lefevre, San Francisco, CA, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ruth A. McQuade, Jennifer Levings, Jeremy David Peterson, Siu P. Wong, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ,* District Judge.

## MEMORANDUM **

Lijie Zhang, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") denial of Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied Zhang's claim based on an adverse credibility finding. We review adverse credibility determinations under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Where, as is true here in part, "the BIA adopts the IJ's credibility determination, we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000). In contrast, where, as here with respect to the date of Zhang's arrest, "the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000).

**1.** The inconsistencies in the date of Zhang's detention do not support the adverse credibility finding. Zhang's initial statement that she was arrested on Sunday, June 23, 2002, rather than Tuesday, June 18, 2002, is a trivial inconsistency, too minor to support an adverse credibility finding. Whether Zhang was arrested at her church on Tuesday or Sunday reveals nothing about whether Zhang was persecuted on account of her religion or about the extent of the persecution. *See Bandari,* 227 F.3d at 1166 (holding that minor discrepancies in dates that "reveal nothing about [a petitioner's] fear of his safety ... cannot form the basis of an adverse credibility finding.").

Furthermore, Zhang's explanation for the discrepancy was reasonable. Zhang explained that she thought she had been arrested on a Sunday because she was arrested at church, which she usually attends on Sundays. She later testified that she sometimes attended church on Tuesdays, but made the date mistake because she normally goes on Sundays. The IJ rejected this explanation, calling it "unreasonable." Relying on the fact that Zhang is educated, the IJ found it "highly implausible" that she would have made such a mistake. Education has little to do with the ability to recall dates with precision. As we stated in *Singh v. Gonzales,* 403 F.3d 1081 (9th Cir.2005), "date recollection involves a reconstructive process prone to inaccuracy," because it does not involve actual sense perception. *Id.* at 1092. Here, Zhang's reconstruction of her arrest date was logical. In addition, the Shen Yang City Public Security Bureau letter supports Zhang's claim that she was arrested on June 18. Thus, the IJ's rejection of her explanation was improper.

Accordingly, we conclude that the discrepancies in the date of Zhang's arrest do

* The Honorable Philip Gutierrez, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not support the adverse credibility determination.[1]

■ 2. Although there is a discrepancy between Zhang's stated reason for her arrest and the reason stated in the letter from her employer, this discrepancy does not support the adverse credibility finding either. The employer did not perpetrate the arrest, so its knowledge of the reason for it was not direct. Also, for the employer's purpose, the precise reason for the arrest was not especially important. In contrast, the Shen Yang City Public Security Bureau was directly involved in Zhang's arrest, and had first hand knowledge of the reason for it. The letter from Zhang's employer cannot serve as the basis for an adverse credibility determination without some explanation as to why that document should be believed rather than the one from the Public Security Bureau. The agency provided no such explanation. As a result, the agency lacked a cogent reason for relying on the letter from Zhang's employer to find that Zhang was not credible.

■ 3. The perceived inconsistency between Zhang's testimony and her asylum application also does not support the adverse credibility finding. Whether there is an inconsistency at all is not clear. Zhang's statement that she was hit by an electric baton and also beaten does not state whether the beating was with the electric baton or not. To the extent there is an inconsistency, Zhang's testimony did not enhance her claimed persecution. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

For the reasons stated, none of the inconsistencies relied on by the agency to support the adverse credibility determination are supported by substantial evidence. Accordingly, we remand for further proceedings, accepting Zhang's testimony as credible, to consider the merits of Zhang's asylum, withholding of removal, and CAT claims. *See He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**

BEA, Circuit Judge, dissenting:

**"My brother and I differ on what is the appropriate appellate function. He would retry. I am content to review."** *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (Farris, J.) (affirming the IJ's adverse credibility determination under the substantial evidence standard).

In this case, the majority has effectively assumed the role of the trier of fact, reweighed the credibility of various pieces of evidence submitted by Zhang, and concluded that because they disagree with the BIA's assessment of this evidence, the BIA's adverse credibility finding cannot stand. Their *de novo* review, however, stands in stark contrast to our mandate to review the BIA's decision under the deferential substantial evidence standard. Here, the BIA's adverse credibility finding is supported by substantial evidence in the record. Accordingly, I would deny the petition for review. Hence, I respectfully dissent.

Zhang's petition for asylum is based upon her claim that she was arrested and subsequently beaten by Chinese authorities. The testimony and documentary evidence submitted by Zhang, however, gave two different reasons, and three different dates, for the single arrest that Zhang claimed occurred.

---

1. The letter from Zhang's employer stated that she was arrested on June 26, 2002, not June 18, 2002. As discussed in more detail in section 2, there is no basis for crediting the letter from Zhang's employer, which had no direct involvement in the arrest, over the letter from the Public Security Bureau, which did.

Zhang submitted two written declarations to the INS. In both declarations, she stated she was arrested by Chinese authorities on Sunday, June 23, 2002, while attending an underground Christian church service. During her hearing before the IJ, Zhang testified the arrest occurred on Tuesday, June 18, 2002. Zhang also submitted a document from the school where she previously had worked, which stated Zhang was arrested on Wednesday, June 26, 2002, due to her participation in the illegal organization of Zhong Gong. This school letter made no reference to detention after church services, much less to Christianity, a doctrine readily distinguishable from Zhong Gong.[1] Zhang also submitted a document from the Shen Yang City Public Security Bureau, which stated Zhang was arrested for participating in a Christian gathering on Tuesday, June 18, 2002.

The majority concludes the school letter cannot be used as a justification for the BIA's adverse credibility finding, because "there is no basis for crediting the letter from Zhang's employer, which had no direct involvement in the arrest, over the letter from the Public Security Bureau, which did." Majority Op. at 652 n. 1. The majority obviously thinks the Public Security Bureau document (which supports Zhang's testimony regarding the date and reason for her arrest) is more credible than the school letter (which contradicts Zhang's testimony regarding the date and reason for Zhang's arrest). Thus, according to the majority, the BIA erred in relying on the school letter in making its adverse credibility determination.

The majority misapprehends this court's scope of review. As an appellate court, we are not empowered to weigh the probative value of conflicting pieces of evidence *de novo* and determine which one we deem to be more credible. That role is reserved for the trier of fact. Our role in this case is to review the BIA's decision and determine only whether substantial evidence supports the BIA's conclusion that Zhang is not credible.

"We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). Here, I am not *compelled* to conclude the school letter—submitted by Zhang herself in support of her asylum claim—was so untrustworthy that the IJ erred in relying upon it, in part, to conclude Zhang was not credible.[2]

Nor were the inconsistencies cited by the BIA minor as the majority contends; they went to the heart of Zhang's claim. Zhang's arrest and the subsequent beatings Zhang claims to have suffered while in jail constitute the only interaction Zhang had with Chinese authorities and form the basis of her asylum claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005) ("These discrepancies are significant because they concern one of the few interactions between [petitioner] and the ... police."). Here, the BIA's adverse credibility determination was based on

---

1. *See generally* http://en.wikipedia.org/wiki/Zhong—Gong ("Zhong Gong is a spiritual movement founded in 1987 by Zhang Hongbal. It is based on variations of Chinese breathing and meditation exercises known as *quigong*, which seeks to channel the vital energy of body and the universe to various ends.").

2. I also note the BIA was not required to "credit[ ] the letter from Zhang's employer ... over the letter from the Public Security Bureau" to make an adverse credibility finding, as the majority appears to believe. The BIA can find that a petitioner is not credible if it simply "does not know what to believe[.]" *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000).

more than just "minor discrepancies in dates that reveal nothing about [Zhang's] fear [for her] safety." Majority Op. at 651. The several discrepancies in Zhang's testimony and documentary evidence regarding both the date of her arrest *and* the reason for her arrest called into question whether and how this critical event took place. *See Kaur*, 418 F.3d at 1066 (holding inconsistencies must be evaluated "in light of all the circumstances of the case.").

The majority conclude that Zhang's explanation for the inconsistencies in her testimony was "reasonable," and thus the inconsistencies cannot serve as a basis for an adverse credibility determination. Majority Op. at 653. Our task, however, is not to determine whether *we* think Zhang's explanation was reasonable; it is instead to determine only whether the BIA addressed this explanation in a "reasoned manner." *See Osorio v. INS*, 99 F.3d 928, 933 (9th Cir.1996). The BIA did so in this case.

When asked about the school letter, which stated Zhang was arrested for participating in Zhong Gong, not Christianity, Zhang stated: "It's a mistake by my school and also the school was told by the Public Security Bureau." Similarly, when asked about the discrepant date given for the arrest in the school letter (June 26, 2002), Zhang stated: "The school was informed by the Public Security Bureau, I don't know." Regarding the different dates given for the arrest in Zhang's written declarations and her live testimony, Zhang said she had misremembered the date when writing her declarations: "Because I usually attended [church] on Sunday, I messed up that date." In support, she further testified that church services generally occurred on Sundays, but they sometimes gathered on Tuesdays and Fridays as well. However, Zhang produced

the school letter. It dated the arrest on a Wednesday. Zhang gave no explanation why the school, if indeed informed by the Public Security Bureau, should date the arrest differently as to both date and day of week.

The IJ found it implausible that Zhang, an educated person,[3] did not catch the purported "mistakes" in her two written declarations sooner. She wrote out the original asylum declaration herself, was interviewed on her statement of events by an asylum officer, and then repeated the "mistake" in a second written declaration filed with her asylum application over a year later. The IJ noted Zhang not only got the date of her arrest wrong, but also the day of the week, originally stating she was arrested on a Sunday, but later saying she was arrested on a Tuesday. The IJ further reasoned Zhang's purported mistake in remembering dates was made less plausible by Zhang's submission of the school letter, which not only introduced a third date for her arrest—different than both dates given by Zhang—but also gave a completely different reason for her arrest than that given by Zhang.

In affirming, the BIA noted that while Zhang claimed during the asylum hearing that she sometimes attended church on Tuesdays, she stated in her two prior written declarations only that she attended church "every Sunday," with no mention of services on any other day. In light of the different dates given in Zhang's own testimony, the BIA further found "no merit" in Zhang's claim that the discrepant date and reason for her arrest in the school letter were the result of a governmental error.

Regardless whether I (or the majority) agree with the BIA's assessment of Zhang's explanations for the inconsistencies in her testimony and documentary

---

**3.** According to her asylum application, Zhang attended a university in China for three years.

evidence, the BIA addressed these explanations in a "reasoned manner." Accordingly, because the BIA's adverse credibility determination is supported by substantial evidence, I would deny the petition.